# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

## GREENBELT DIVISION

FEB 2 2 2021

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| **Alfred McZeal, Jr., d/b/a**<br>*SMART WALKIE TALKIE®*<br>**Plaintiff**<br><br>**vs.**<br><br>**ORION LABS, INC,**<br>**JESSE ROBBINS,**<br>**AMAZON.COM SERVICES LLC**<br>**BEST BUY CO, Inc**<br>**SETTER ROCHE, LP**<br>**THOMAS SYLKE,**<br>*DOES 1 THRU 10,000*<br>**Defendants** | **Case No:** ̲T̲D̲C̲ ̲2̲1̲-̲c̲v̲-̲4̲4̲9̲<br><br>**JURY TRIAL DEMANDED**<br><br>TRADEMARK INFRINGEMENT,  UNFAIR COMPETITION, FALSE MARKING,NT INFRINGEMENT, TRADEMARK DILUTION, INJUNCTIVE RELIEF, CONSPIRACY, FRAUD, DECLARATORY JUDGMENT<br><br>With **EXHIBIT "F" COMPLAINT FOR FRAUD** |

## INTRODUCTION

### SHORT STATEMENT OF THE CLAIM & ENTITLEMENT TO RELIEF

1. This is a complaint for <u>willful trademark infringement</u> and violations of the U.S. Lanham Trademark Act, relative to a federally registered trademark "**Smart Walkie Talkie®,** by plaintiff Alfred McZeal, Jr. <u>owner of the Trademark</u> at issue. *Defendants uses a fraudulent designation in interstate commerce in connection with goods or services where it is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the defendant services with plaintiff' services and the confusion has caused damages.* Plaintiff is entitled to recover monetary damages, treble damages, and injunctive relief.

# SUMMARY OF THE CLAIMS

**TRADEMARK INFRINGEMENT**, 15 USC. §1114
**Unfair Competition, likelihood of confusion,** & Intentional violations of the U.S. Lanham Trademark Act,

**INJUNCTIVE RELIEF §1125 Injunctive Relief (15 USC §1116)**

**TRADEMARK DILUTION** Violations of The Federal Trade Mark Dilution Act of 1995
**- 15 USC 1023(c); Section 43(c) of the Lanham Act**

**COMMON LAW TRADEMARK INFRINGMENT**

**MARYLAND TRADMARK ACT**

**FRAUD,**

**NEGLIGENT MISREPRESENTATION,**

**UNJUST ENRICHMENT**

**COMPLAINT FOR RACKEETERING**

**DECLARATORY JUDGMENT** Under The Declaratory Judgment Act 28 USC §2201-2202,

# *Table Of Contents*

## *Introduction Short Statement of The Claim - Entitlement to Relief)*   **1**

Nature Of The Case (Trademark Infringement - SMART WALKIE TALKIE)..........6
Relief Sought.........................................................................................9
Jurisdiction and Venue.............................................................................. 11-12
Parties & Relationships ............................................................................. 13
Plaintiff, Alfred McZeal, Jr. ........................................................................ 13
Defendants,.ORION LABS, INC. ............................................................14
Defendant, Jesse Robbins, .......................................................................15
Defendant  AMAZON.COM, INC ...........................................................16
Defendant ,BEST BUY COMPANY, INC.....................................................17
Defendant SETTER ROCHE, LLP...........................................................18
Defendant Thomas Sylke...........................................................................18
Additional Parties, Does 1 thru 10,000......................................................19
Substitution of Counsel ............................................................................ 20
Service Of Process .................................................................................... 21
Amendments To The Lawsuit...................................................................... 22


## *Factual Allegations - Trademark Infringement.............23*

### **SUBSTANTIVE ALLEGATIONS CONCERNING TRADEMARK INFRINGMENT OF ORION LABS, INC..'S INFRINGING MARK " SMART WALKIE TALKIE...23**


## *Count I:  - Trademark Infringement (" SMART WALKIE TALKIE")27*


## *Infringing Conduct Of Defendants............................................. 27*


### **EXHBIT "F" - COMPLAINT FOR FRAUD REFERENCE...............APPENDIX**

**Defendants Uses A Designation In Interstate Commerce with Goods or Services Where The Designation is Likely To Cause Confusion, Mistake, or deception, as to the affiliation, connection, Or Association Of The Defendant with another Person, and the Plaintiff has been or is likely to be damaged by these Acts.......27**

NOTICE TO CEASE AND DESIST - letter to ORION LABS, Jesse Robbins.........29
FRAUD - INTENT TO CONTINUE INFRINGING LETTER, Tom Sylke.............29
Infringing Conduct of Orion Labs, Inc..........................................................30
Infringing Conduct of Amazon.com Services, LLC - **EXHIBIT #6**...................36
Infringing Conduct of Best Buy, Inc                **EXHIBIT #7**...................36

**Count I - TRADEMARK INFRINGEMENT - THE LANHAM ........27**

**Count II: - False Designation of Origin Under the Lanham Act.. 38**

**Count III: - Common Law Trademark Infringement..................... 40**

**Count IV: -  Violations of the Trademark Dilution Act of 1995 ... 43**

**Count V: -  Unfair Competition In Violation of the Lanham Act . 46**

**Count  VI: - Violation of  Maryland Trademark .....................47**

**Count  VII: Unfair Competition (Marilyn  Law)............................ 41**

**Count  XIII: - Negligent Misrepresentation .................................. 51**

**Count IX - FRAUD: EXBHIT "F" COMPLAINT FOR FRAUD ........ 52**

**Count  X:  CONVERSION ............................................................. 53**

**Count  XI  Gross Negligence ...............................................53**

**Count XII:  COMPLAINT FOR RACKEETERING  .......................... 56**

**Count XIII: - Declaratory Judgment ............................................ 63**

**Punitive Damages ......................................................................... 66**

**Prayer For Relief .......................................................................... 69**

## LIST OF EXHIBITS FOR JUDICIAL NOTICE

**EXHIBIT "1" –  PLAINTIFF'S TRADEMARK SMART WALKIE TALKIE –US REG NO. 5303249' Registration Date  October 3, 2017 …………Appendix**

**EXHBIT "F"   COMPLAINT FOR FRAUD ……………….. Appendix**

**EXHIBIT "2" – ORION LABS WEBSITE INFRINGEMENTS..Appendix.**

**EXHIBIT "3"-  PLAINTIFF'S NOTICE TO CEASE AND DESIST TO ORION LAB, INC. AND JESSE ROBBINS, CEO DATED ………….. Appendix.**

**EXHIBIT "4" –DEFENDANT'S FRAUD  LETTER DATED FROM  COUNSEL TOM SYLKE" …………………………………………………. Appendix.**

**EXHBIT "6" – AMAZON.COM  WEBSITE INFRINGEMENTS…………… Appendix**

**EXHBIT "7" – BEST BUY, INC.  WEBSITE INFRINGEMENTS……… Appendix**

# PLAINTIFF'S ORIGINAL COMPLAINT

## NATURE OF THE CASE

### *TRADEMARK INFRINGEMENT – SMART WALKIE TALKIE®*

*U.S. Lanham Act* 15 USC §1051 et seq

2.  This is a civil action to secure immediate injunctive relief, and to recover damages for <u>willful and intentional trademark infringement</u> unfair competition, and for willful violations of *The U.S. Lanham Act* 15 USC §1051 et seq, *The Federal Trademark Dilution Act* of 1995, trademark dilution, and trademark dress.

3. The alleged infringement is a <u>direct and willful</u> infringement on plaintiff's "<u>Smart Walkie Talkie ®</u>" Registered trademark and as such <u>Plaintiff will move the court and request an immediate hearing on a motion for injunctive relief in order to further prevent economic loss and injury to the plaintiff and to maintain the status quo of the trademark laws of the United States of America.</u>

4. *Defendants willful unauthorized use of Plaintiffs' trademark (SMART WALKIE TALKIE®, constitutes an infringement of Plaintiffs' federally-registered trademark rights, in violation of Section 32(1) of the Lanham Act, 15 U.S.C.Sec.1114(I) and plaintiff is entitled to recover Treble Damages for willful infringement violation of the Lanham Acts.*

5.  Defendant(s) have been notified of its infringing activities through its ***main agent ORION LABS, INC.***, but has nonetheless continued to willfully and knowingly infringe, without legal justification, in violation of the Plaintiff's Trademark rights.

## THEFT OF A U.S. REGISTERED TRADEMARK– SMART WALKIE TALKIE®

6.  This action further seeks to recover damages for Racketeering Activity on the basis that the defendants and its attorneys have knowingly, intentionally, and willfully engage in illegal activity, through, theft, and fraud, prohibited by Racketeer Corrupt Organization Act, including the unauthorized use or control of intellectual property protected under federal laws of the United States in which damages, injunctive and other equitable relief are sought.

7.  **CAUSE OF ACTION**: The instant claims are predicated on willful <u>infringement of a U.S. registered trademark</u> granted by the United States Patent and Trademark Office  because these defendants without ***authority uses a designation in interstate commerce in connection with the goods or services where the designation is likely to cause confusion, or mistake, or deception as to the***

**affiliation, connection,   or association of the defendant with another person, and   the plaintiff has been or is likely to be damaged by these acts.**

### Trademark Infringement – Maryland Trademark Law

8. Plaintiff further brings this action pursuant to the Maryland Business Regulation Article, §1-401 *et seq.* (Trademarks) Infringement , §1-414 to recover monetary damages under the great State of Maryland, for willful trademark infringement, unfair trade practices, trademark dress, **unfair competition**, **fraud**, and further because the defendants wrongfully and knowingly uses the exact same mark ("SMART WALKIE TALKIE") as the plaintiff in commerce, which causes confusions as to the source of products and services, and thus the plaintiff has suffered irreparable damages as a result of defendant's ongoing and continued use of the same trademark ("SMART WALKIE TALKIE") to sell similar products and services which further has created a definite likelihood-of-confusion about the origin of the defendant's goods or services.

9.  Plaintiff has developed a protectable trademark right in federal, state law, and common law trademark. The defendant ORION LABS, INC.... and agents, have used without license, and are presently

using plaintiff's exact trade mark in commerce, <u>claiming it as their own</u>, in such a way that <u>creates a likelihood of confusion, mistake and/or deception with the consuming public</u>.

10.   <u>The confusion or use of the term ("SMART  WALKIE TALKIE") used in commerce  by each of the defendants exhibits that the defendant's products and services are identical or equivalent to that of the plaintiff</u>, or purports to show that the defendant is somehow associated, affiliated, connected, approved, authorized or sponsored by plaintiff to use the mark, but which in fact <u>they are not.</u>

11.   The Plaintiff has <u>absolutely no affiliation</u> with the defendants or any of its affiliates and has never granted defendant authority to use its protected mark **SMART WALKIE TALKIE**™ in commerce.

## **RELIEF SOUGHT**

12.   The relief sought includes a preliminary injunction, permanent injunction, injunctive relief to prohibit continuous infringement of the trademark, the impoundment and destruction of goods bearing infringing trademarks, <u>the defendant's  profits  earned  from infringement</u>, actual damages, damages for **fraud**, **unjust enrichment**, negligent misrepresentation, negligence,  monetary damages for fraud and *<u>damages for the use of a "counterfeit"</u>* or

virtual duplicate of a registered mark, <u>treble damages for willful trademark infringement</u>, damages for unlawful trade dress, damages for unfair competition in commerce, damages for **civil conspiracy**, damages, the imposition of a constructive trust with tracing, statutory, <u>compensatory</u>, <u>punitive damages under state law</u>, damages for deceptive trade practices, mental anguish, intentional infliction of emotional distress, <u>disgorgement of profits earn through fraud, and unfair competition</u>, fraud related to intellectual property abuse, all profits earned by fraud and trebled due to willful disregard for law, interest, attorney fees, court cost, cost of investigation and suit, and for all other equitable relief afforded under law.

13.   Plaintiff further seeks a declaratory judgment under 28 USC §2201 and §2202 against the defendants declaring the same unfair competition, and fraudulent self serving acts complained of committed by the defendants and their agents to be unlawful in interstate commerce in the United States, and in the great State of Maryland. .

## JURISDICTION AND VENUE

14.    The jurisdiction of this court over this complaints is premised upon Title ***15 U.S.C §1601-§1693 et seq***, *The Lanham (Trademark) Act*, 15 USC **§**1023(c) **§43(c) et seq,** *The Federal Trademark Dilution Act*, *35 USC §271*,   Federal jurisdiction is further based on 28 U.S.C **§**1331 (federal question), 28 U.S.C **§**1337 (commerce)

15.    This court further has **personal jurisdiction** over the individual defendants as the defendants business activities are well grounded and rooted within this district selling products and services via Amazon and through their internet website located at: ***www.orionlabs.io***

16.    This court has jurisdiction over the **unfair competition claims** complained of herein under the provisions of 28 U.S.C. §1338 in that the same claims are joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. §1051,et seq.

17.    **SUPPLEMENTAL JURISDICTION**: This court further has jurisdiction over the state law and common law claims contained in this complaint under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. §1367 and is competent to rule on all of the claims asserted under state law, and common law, section 1981 of

the Civil Rights Act of 1866, the common law of the State of Maryland, 28 U.S.C. Sections §1331 and §1343(4) which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights and §1331, which confers original jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States.

## **VENUE**

18 Venue is proper in this District pursuant to 28 U.S.C §1391(b) and §1391(c), because Defendants conduct interstate commerce and can be found operating within this district, where plaintiff is, and conducts business nationwide/world wide, and particularly in the District of Maryland through its internet website (www.orionlabs.lio, amazon.com, bestbuy.com, and many other affiliate websites, dealer locations of its national and international dealer network, and because the related causes of action and disputes are between parties of diversity.

19. Venue is further proper in this district court under 18 U.S.C §1391(b)(c).  Venue is further proper due to the diversity of citizenship between the plaintiff and the defendants.

## PARTIES AND RELATIONSHIPS

20.  Plaintiff, Alfred McZeal, Jr. a/k/a Al McZeal, d/b/a SMART WALKIE TALKIE®, is an American Citizen and <u>trademark owner</u> who resides or does business in this district.

21.  Plaintiff is the <u>undisputed registered owner of the U.S. trademark SMART   WALKIE   TALKIE®</u> Registration   No:  **5,303,249**   with   a Registration  Date  of  October  3,  <u>2017 (See Exhibit "A" Plaintiff's Registered "Smart Walkie Talkie" Trademark.</u>

22.  At  all  times  relevant  herein,  plaintiff  Alfred  McZeal,  Jr.  is  also  the owner of the <u>common law</u> trade name "*SMART WALKIE TALKIE*"™.

23. The plaintiff in general is complaining inter alia, of defendant's

<u>willful and reckless disregard for intellectual property rights</u> of the plaintiff,   including,   but   not   limited   to,   *<u>the   unlawful   and unauthorized   use   of   plaintiff's   common   law   and   federally registered trade name "SMART WALKIE TALKIE</u>"®.*

24.  Plaintiff is further complaining of the <u>unfair competition</u>,

Intentional, reckless and willful disregard for law, and

unauthorized use of plaintiff's famous federal trademark "SMART

WALKIE TALKIE"®, theft of the mark, trade mark dress, and other

abusive  and  fraudulent  acts  which  has  harmed  and  is  continuing  to

harm plaintiff due to defendants negligence, and <u>willful disregard of</u> <u>federal trademark laws</u> of the United States of America. .

25. Defendant, **ORION LAB, INC.** ("ORION") on information and belief is a foreign corporation originating from, and which operate in the United States from San Francisco, California, and organized under the laws of the state of California and according to its website is backed by 21 leading investors.

26. Defendant, ORION operates a nationwide dealer network where it distributes its products and services under the trade name SMART WALKIE TALKIE with large sales and distribution networks such as AMAZON, BEST BUY, INC, and reseller network operators dispersed throughout the world.

27. ORION and all of its agents form an enterprises within the meaning of 18 U.S.C §196(3) and §1962(c), which engage in, or the activities of which affect, interstate commerce within the meaning of 18 U.S.C. §1962.

28. *It is specifically alleged herein that ORION uses a designation similar to plaintiff in interstate commerce called "SMART WALKIE TALKIE" in connection with goods or services where the designation is likely to*

*cause confusion, or mistake, or deception as to the affiliation, connection, or association of the defendant products and services with plaintiff's product and services, and the plaintiff has been or is likely to be damaged by these acts and /or continued to be damaged by the fraudulent acts.*

29. Defendant, **JESSE ROBBINS**, ("**ROBBINS**") is an individual of the full age and majority and on information and belief is the Chief Executive Officer , or CEO of defendant ORION LABS, INC. and uses, and approves the use of a designation *similar to plaintiff in interstate commerce called "SMART WALKIE TALKIE" in connection with goods or services where the designation is likely to cause confusion, or mistake, or deception as to the affiliation, connection, or association of the defendant products and services with plaintiff's product and services, and the plaintiff has been or is likely to be damaged by these acts and /or continued to be damaged by the fraudulent acts.*

30. Defendant ROBBINS is sued in his individual and official capacity as Chief Executive Officer of ORION LABS, INC.

31. As CEO, and founder of the company defendant ROBBINS authorizes the unauthorized use of plaintiff's trademark in commerce and stream

of commerce within his company and unauthorized used throughout the company's dealer network.

32.   Defendant, **AMAZON.com, INC. ("AMAZON")** on information and belief is an multinational company base in Seattle Washington, which focuses on e-commerce, cloud computing, digital streaming, and artificial intelligence and considered one of the Big Five companies in the U.S .information industry, along with Google, Apple, Microsoft, and Facebook considered one the most influential economic and cultural forces in the world, as well as the world's most valuable brand.

33.  Defendant, **AMAZON**, markets the brand "SMART WALKIE TALKIE" with ORION as its main source for SMART WALKIE TALKIE Products and Services.

34.  AMAZON together with ORION, BEST BUY, the board of directors, and agents make up an enterprises within the meaning of 18 U.S.C §196(3) and §1962(c), which engage in, or the activities of which affect, interstate commerce within the meaning of 18 U.S.C. §1962.

35.  *It is specifically alleged herein that **AMAZON**, is an agent of ORION LABS, INC., a part of the enterprise  and  uses a designation similar to plaintiff in interstate commerce called "**SMART WALKIE TALKIE**"  in connection with  goods or services where the designation is likely to cause*

confusion, or mistake, or deception as to the affiliation, connection,  or association of the defendant with plaintiff's product and services, and  the plaintiff has been or is likely to be  damaged by these acts

36.  Defendant  **AMAZON** offers to customers the SMART WALKIE TALKIE line of product on its world wide website located at: **www.amazon.com**  and is believed to be ORION'S LAB LLC, largest distributors.

37.  Defendant, **BEST BUY INC. ("BEST BUY")** on information and belief is an is an American, multinational, consumer electronic retailer headquartered in Richfield, Minnesota, and is an agent of and works directly with ORION LABS, Inc. whereas, ORION encourages BESTBUY to infringe plaintiff's famous trademark for use as its own in the sale of its products and services.

38.  Defendant, **BEST BUY**, markets the counterfeit brand "SMART WALKIE TALKIE" with ORION as its main source for SMART WALKIE TALKIE Products and Services.

39.  **BEST BUY** together with  **ORION, AMAZON** and its dealer network make up an enterprises within the meaning of 18 U.S.C §196(3) and §1962(c), which engage in, or the activities of which affect, interstate commerce within the meaning of 18 U.S.C. §1962.

40.  *It is specifically alleged herein that* **BEST BUY**, *is an agent of ORION LABS, INC., and also uses a designation similar to plaintiff in interstate*

commerce called "**SMART WALKIE TALKIE**" in connection with goods or services where the designation is likely to cause confusion, or mistake, or deception as to the affiliation, connection, or association of the defendant with plaintiff's product and services, and the plaintiff has been or is likely to be damaged by these acts.

41.  Defendant **BEST BUY** offers to customers the SMART WALKIE TALKIE line of product on its world wide website located at: **www.bestbuy.com**  and is believed to be one of ORION'S LAB LLC, largest distributors..

42.  Defendant **SETTER ROCHE, LLP** is a limited liability partnership and on information and belief is headquartered in Westminster, Colorado and is/was the lead intellectual property firm for ORION LABS, Inc.

43.  Defendant **THOMAS SYLKE** is an individual of the full age of majority and *an agent and attorney ORION LABS, INC., and promotes and/or encourages uses of a designation similar to plaintiff in interstate commerce called "***SMART WALKIE TALKIE***" in connection with goods or services where the designation is likely to cause confusion, or mistake, or deception as to the affiliation, connection, or association of the defendant with plaintiff's product and*

44.  Defendant **SETTER ROCHE, LLP** is/was *an agent of ORION LABS, INC., and promotes and/or encourages uses of a designation similar to*

*plaintiff in interstate commerce called "**SMART WALKIE TALKIE**" in connection with goods or services where the designation is likely to cause confusion, or mistake, or deception as to the affiliation, connection, or association of the defendant with plaintiff's product and services, and the plaintiff has been or is likely to be damaged by these acts.*

## *ADDITIONAL PARTIES*

45. Plaintiff is presently without knowledge of all of the true names and capacities of all of the Defendants sues herein as DOES 1 through 10,000, inclusive, and therefore sues these Defendants by such fictitious names.

46. On information and belief, many of these unknown defendants are investors, employees, board members, board of directors, agents, attorneys, and manufacturers, dealers, and distributors, of the Defendant ORION LABS, INC...

47. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants sued herein was the agent, employee, manufacturer, or investor, *and was acting individually*, as well as in their representative capacity.

48. Plaintiff asserts in this civil action that the named Defendants are collectively involved in a <u>civil conspiracy</u> to defraud and to deprive plaintiff of intellectual property rights which rightfully and lawfully belongs to the estate of

the plaintiff.

49.  Plaintiff further asserts that defendants have been notified of the unlawful infringement as complained of herein by way of letters to its principal ORION LAB, LLC.

50.  Plaintiff or plaintiff's counsel will amend this complaint to allege all of their true names and capacities when ascertained.

## **SUBSTITUTION OF COUNSEL**

51.  During the course of this litigation, plaintiff intends to file a motion for substitution of counsel in order to substitute a competent law firm to protect the intellectual property rights and other rights of the plaintiff and  Plaintiff or plaintiff's counsel will file a motion for substitution or will notify the court once such firm has been selected to represent the plaintiff.

## SERVICE OF PROCESS:

52.  Service of process has been perfected by serving the defendants, **ORION LABS, INC.**. through its Register Agent as   follows:

> ALEX PATEL, AGENT OF PROCESS
> 16830 VENTURA BLVD STE 360
> ENCINO CA 91436

53.   Service of process has been perfected by serving the defendants **Amazon.com Services LLC**. by serving its Registered Agent at:

> CORPORATION SERVICES COMPANY
> 300 DESCHUTES WAY SW STE 208 MC-CSC1,
> TUMWATER, WA, 98501, UNITED STATES

54.  Service of process has been perfected by serving the defendants

> **BEST BUY CO, INC** by serving Principal Office and Chief Executive
>
> Corie Barry, Chief Executive Officer
> 7601 Penn Avenue S.
> Richfield, MN 55423

55.  Service of process has been perfected by serving the defendants

> **SETTER ROCHE, LLP** by serving its Principal Office and Chief Operating Officer at:
> 14694 ORCHARD PARKWAY,
> BUILDING A, SUITE 200, WESTMINSTER, CO 800023

## SERVICE OF PROCESS:

56.  Service of process has been perfected by serving the defendant

**JESSE ROBBINS**, Chief Executive Officer, has been or will be

served with process by personal service at:

208 UTAH ST, SUITE 350

SAN FRANCISCO CA 94103

## *AMENDMENT TO THE LAWSUIT*

*57.  The Plaintiff or plaintiff's legal counsel and representatives reserves the*

*right to amend this lawsuit at any time prior to final judgment in this matter.*

## **FACTUAL ALLEGATIONS – TRADEMARK INFRINGMENT**

### **SUBSTANTIVE ALLEGATIONS CONCERNING TRADEMARK INFRINGMENT OF ORION LABS, INC..'S INFRINGING MARK "SMART WALKIE TALKIE" – *INFRINGING CONDUCT***

58.  It is specifically alleged that "ORION LABS, INC., Amazon.com Services, and BEST BUY, INC ("Defendants) Willfully infringes by the use of a counterfeited mark and Designation In Interstate Commerce with Goods or Services where the Designation is Likely To Cause Confusion, Mistake, or deception,   as to the affiliation, connection, Or Association Of The Defendant with Plaintiff products and a result of such activity Plaintiff has been or is likely to be damaged by these Acts, or will continue to be damaged by these acts.

59.  In a scheme, to conspire, steal and/or defraud U.S intellectual property, and to deprive plaintiff of his intellectual property rights ***ORION*** and its agents, have reaped <u>millions of dollars</u> <u>in profits</u> through employment of a pattern of racketeering activity, deceptive practices, and has mislead the public with respects to status and ownership and use of the ***SMART WALKIE TALKIE***®, trademark being used as a counterfeit.

60.  The conspiracy originated from ORION LABS, INC., and elsewhere, whereby the defendants employed predatory, unconscionable, deceptive, and fraudulent trademarks violation acts on its product packaging, and websites,

complained of herein, to use without license or authority plaintiff's intellectual property known as the SMART WALKIE TALKIE®, registered Trademark.

## SMART WALKIE TALKIE ®

**U.S. REGISTRATION NO: 5,303,249; Registration Date: October 3, 2017**

**Defendants Uses A Designation In Interstate Commerce with Goods or Services Where The Designation is Likely To Cause Confusion, Mistake, or deception, as to the affiliation, connection, Or Association Of The Defendant with another Person, and the Plaintiff has been or is likely to be damaged by these Acts**

61.   Plaintiff indisputably owns the entire right, title and interest in all common law and federally registered trademarks *"SMART WALKIE TALKIE"*®, including without limitation, all goodwill associated with the aforesaid trademarks, <u>U.S. Trademark Registration No. </u>5,303,249 Registered by the United States Patent & Trademark Offices on October 3, 2007 (See ***Exhibit "1"  - PLAINTIFF'S TRADEMARK SMART WALKIE TALKIE US. REG 5,303,249 Registration Date October 3, 2017.***)

62.   Plaintiff's Federal Trademark on <u>**the principal register**</u>  is which is <u>prima facie evidence</u> of the validity of Plaintiff's ownership and exclusive rights to use the federally registered mark shown therein in commerce, and are constructive notice of ownership thereof, as provided by Section 8(b) and 22 of the Lanham Act and Trademark Law Revision Act of 1988.

63.   Plaintiff's Federal statutory rights in the "***SMART WALKIE TALKIE***® marks commenced  September 15, 2015 resulting in federal registrations on

October 3, 2017.

64.  The said intellectual properties in dispute are registerable with the Department of Homeland Security, U.S. Customs, and Border Protection Office, of Regulations & Rulings, Intellectual Property Rights Branch Washington DC.

65.  Plaintiff has been using the "**SMART WALKIE TALKIE**"® " WORLD WIDE WALKIE TALKIE® and INTERNATIONA WALKIE TALKIE trademarks in connection with his telecommunications, VoIP, international based business since at least as early as January 1999.

66.  Since adopting its "SMART WALKIE TALKIE"® trademarks in connection with telecommunication services, Plaintiff has enjoyed widespread use of his trademarks as an indication of the source of its products and services.

67.  Plaintiff has expended substantial amounts of money, time, and effort in advertising, popularizing and promoting its "SMART WALKIE TALKIE®" trademark and invention so that the public has come to associate Plaintiff's trademark with products and services originating with Plaintiff.

68.  However, due to the leverage of the amazing marketing power of Amazon, and Best Buy,  defendant' ORION uses an unfair business tactic and advantage over plaintiff , whereas defendants are able to use the same

trademarks at the plaintiff and leverage of its vast marketing network, and billion dollar organization to market plaintiff's marks, without a license, or authority, thereby, using the marks for its own purpose, unjustly enriching itself, but without a valid license resulting in unfair competition and fraud.

69. The services offered  by Plaintiff and defendants are confusingly similar to the consuming  Public in that both plaintiff and defendants offers virtually the same Push To Talk SMART WALKIE TALKIE® type services and products leading to consumer confusion resulting in unfair competition.

70. Plaintiff products and services are offered on a national and World Wide Basis. Plaintiff and affiliates has expended substantial amounts of money, time, and efforts in advertising, popularizing and promoting the "SMART WALKIE TALKIE"® product concepts, trademarks, through these international markets so that the global public has come to associate Plaintiff's trademark with services originating with Plaintiff

71. Internet Protocol, and other telecommunications services, such as Wi-Fi, cellular, and satellite communications services.

72. The SMART WALKIE TALKIE technology as specified in plaintiff's marks and designs is continuing to influence global wireless communications and is presently being offered by defendants and others but without a valid license

or authorization to use such trademarks.

## COUNT I:

## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT AND THE TRADEMARK LAW REVISION ACT OF 1988

### Infringing Conduct of Orion Labs

73.  Beginning in  2017 and other times thereafter, Plaintiff learned that Defendant began operating its telecommunication, push to talk business by introducing its ONYX "SMART WALKIE TALKIE"  product and services via its internet website under the trade name "SMART WALKIE TALKIE", **(See** *Exhibit "2"* **– ORION LABS WEBSITE INFRINGEMENTS)**  a counterfeit trademark and cloned product in the form of a  Onyx Smart Walkie-Talkies: Product - Orion Labs which is a push to talk product for purposes  of wireless telecommunications, or SMART WALKIE TALKIE services, and this product is market as a SMART WALKIE TALKIE on defendant's website, product literature, and in every aspect of the distribution of the product including on instruction manuals, and packaging.

74.  The thrust of the infringing conduct is that defendant use the exact same mark, which is indisputably owned by plaintiff, and uses it without a license or permission from the owner, and it is likely to cause confusion as

to the source of the product or services because it directly infringes upon plaintiff's Registered Trademark Smart Walkie Talkie®.

75.    Defendant openly and willfully infringes upon plaintiff's federally registered trademark "SMART WALKIE TALKIE®" by continuing to knowingly use the exact same mark in commerce as plaintiff but without a valid license or authorization from the plaintiff even when advised to CEASE AND DESIST from engaging in the illegal activity.

76.    The federally registered trademark "SMART WALKIE TALKIE®" is indisputably registered to the plaintiff's telecom business and creates a likelihood of confusion when used by the defendants ORION LABS, INC., AMAZON, BEST BUY, and the other named defendants and agents who market the product on the open market place.

77. Defendants ORION LABS, INC. along with its network of dealers  have consistently made fraudulent technology product reviews and press releases of its ONXY SMART WALKIE TALKIE technology and SMART WALKIE TALKIE  trade name to the public, and have made product sale in virtually every State of the United States of America,   including on its internet websites, distributor and agent websites, press releases, product literature, and many other media, including many internet web pages which also unlawfully infringe on plaintiff's trademark SMART WALKIE TALKIE®,

especially because the defendants <u>use the same mark as the plaintiff</u>, and similar<u> telecom services</u> and products, <u>which are confusingly similar to plaintiff's</u>, in interstate commerce but without a license or permission from the plaintiff.

### GOOD FAITH EFFORT MADE TO CORRECT THE INFRINGMENT
### Exhibit 2 – NOTICE TO CEASE AND DESIST TO ORION LABS

78.  In prior good faith efforts to offer defendants a valid license of the federally protected trademark, the plaintiff had previously contacted the defendant ORION LAB, INC.  CEO Jesse Robbins and provided him with an opportunity to license the mark and to also provided him with a NOTICE AND DESIST letter to stop the infringement activities.

79.  Rather than simply purchase a Trademark License, Defendants took a course of action to willfully infringe on plaintiff's right, claiming that it had full right to use the mark over plaintiff's trademark rights.

### THE FRAUDULENT ATTORNEY LETTER RECEIVED FROM
### DEFENDANT'S COUNSEL – TOM SYLKE OF SETTER ROCHE, LLP
### EXHIBIT 2 – NOTICE TO CEASE AND DESIST

80.  Exhibit "F" – THE FRAUD COMPLAINT is incorporate herein by reference as if fully setforth herein.

81.  Defendant's attorney sent plaintiff a fraudulent letter generally claiming

that his client had the exclusive first use rights to use the mark in interstate commerce, raising various moot claims and further indicated that the infringing use would not stop.

82.   However, the defendants have knowingly, willfully, and unlawfully, continued to use the intellectual products of the plaintiff <u>without proper authorization</u>, perpetrating **<u>unfair competition</u>** <u>all to the detriment to the plaintiff</u>.

83. **ORION LABS, INC.,** by unlawful use of the confusingly similar mark in commerce, take undue advantage of plaintiff's trademark rights and thus fosters an environment which violates the trademark laws of the state of Maryland, and the United States of America.

84.   Defendant **ORION LABS, INC.**, or any of its agents, and distributors <u>has never made any payments, including royalty payments</u>, to the plaintiff for use of the SMART WALKIE TALKIE® trademark and continues to knowingly use these intellectual properties without a license, which constitute in part, <u>unfair competition</u>.

85.   <u>Unless enjoined, the defendants will continue these unlawful infringing activities causing irreparable economic loss to the plaintiff and affiliates</u>.

86. Plaintiff request an immediate hearing on the injunctions complained of herein in order to prevent further economic injury to the plaintiff and to

maintain the status quo of the state and federal trademark laws.

87.  Defendant, and agents has willfully made, used, sold, and/or offered for sale, products, namely its SMART WALKIE TALKIE line of VoIP products embodying the plaintiff's SMART WALKIE TALKIE® registered trademark without limitation, offers to license to other companies, and to sell to the public in every U.S. State, but without a proper license, thereby infringing on the intellectual property rights of the plaintiff's SMART WALKIE TALKIE registered trademark, and will continue to do so unless enjoined therefrom.

88.  Defendants are fully aware of these infringing activities but continue to infringe the SMART WALKIE TALKIE® trademark.

89.   Plaintiff further pointed out to the defendants that indeed plaintiff's property required a license. (See EXHIBIT "2" –NOTICE TO CEASE & DESIST TO ORION LABS)

90. Defendants ORION LABS, INC.. via its attorneys and agents, namely C. Thomas Sylke and Setter Roche, LLP however, sent the plaintiff <u>a fraudulent letter</u>  (more particularly described in Exhibit Fraising several moot issues and, advised the they had no intention on paying for a license, or would not even cease and desist from the use of the marks..  (See <u>**Exhibit "3"**</u> – Orion Labs Letter dated 1-18-2018)

## FRAUD – WILLFUL INFRINGMENT ACTIVITES

## JANUARY 18, 2018

91.  Exhibit "F" is incorporated herein by reference as if fully incorporated herein.

92.  In an effort to bypass the infringing activities without correcting the problems, the defendants raised several moot issues and lame excuses with trivialities in a response letter dated January 18, 2018 as to why they were entitled to use the mark over plaintiff, but this letter was under the guise of propriety with fraudulent intent.

93.  Plaintiff asserts that these lame excuses representations described herein and in the purported response letter of January 18, 2018 represents an admission by the defendants and material misrepresentation made simply to avoid the licensing of plaintiff's protected trade name and to further continues to defraud, and infringe on plaintiff's trademarks rights granted by federal law.

94.  Having full knowledge of the plaintiff prior trademarks rights, the defendants have continued to conduct a mass marketing campaign which is designed to infringe the plaintiff rights and ownership in the SMART WALKIE TALKIE®, trademark.

## THE "FAIR USE" SCAM

95. The  Defendants had further advised the plaintiff through counsel Mr. C. Thomas Sylke, Trademark Counsel, that ORION Labs <u>flatly refuse to stop the infringement </u>in his response letter" to plaintiff and further advised that they would continue infringe and to use the SMART WALKIE TALKIE® trademark/service mark without a license because they had a right to do so based on "FAIR USE" which was a fraudulent misrepresentation on its face.

96.  The <u>continued unlawful infringing use and infringement activities, in commerce in the United States </u><u>without authority, or license granted</u> by the plaintiff constitutes willful infringement.

## A PRELIMINARY INJUNCTION WILL BE REQUIRED

97.  A preliminary and permanent injunction is required to maintain the status quo of the trademark laws of the state of Maryland and the laws of the United States of America and to <u>prohibit the defendants from continuing to cause economic loss to Plaintiff</u>.

98.    Plaintiff contends that these acts are done willingly, knowingly, fraudulently, and will continue to injure the plaintiff if not immediately enjoined by this court and defendants should be permanently enjoined from the use of the mark SMART WALKIE TALKIE®.

99.  Plaintiff asserts to this Court that <u>the defendants are still knowingly,</u> <u>willfully and unlawfully using the property without a license, without legal</u> <u>justification, and without permission from the plaintiff</u> and such unlawful actions should be immediately enjoined in order to prevent further financial and economic damage to the plaintiff.

100.  Plaintiff request an immediate hearing on the Motion for Injunctive Relief, and shortly thereafter issue a permanent injunction against the defendants permanently enjoining the infringing conduct complained of herein.

101.  On information and belief, Defendants began using the mark "SMART WALKIE TALKIE" in 2017, subsequent to commencement of Plaintiff's common law, and Federal statutory rights in its SMART  WALKIE TALKIE" U.S trademarks.

102.  Defendants counsel or legal representatives failed to properly follow up on Plaintiff's cease and desist letter and did not properly respond substantively despite the cease and desist letter that was sent to them.

103.  Rather than contact the plaintiff for a license, the defendants purport to believe that it had full right to use plaintiff's famous trademark "SMART WALKIE TALKIE®" without a valid licensing, and simply unlawfully converted for its own use plaintiff's trademarks, and continued to use the plaintiff's

intellectual property, but without a valid license, or proper legal authorization from the plaintiff.

104. Plaintiff fully asserts that the representation made by defendants in their letter dated January 18, 2018 to the plaintiff is nothing more than fraudulent matter which seeks to infringement plaintiff's federally registered trademark rights, and to further convert this intellectual property to defendants own use and control.

105. Defendants have asserted unlawful control and dominion over plaintiff's federally trademarks, resulting in severe economic loss to the plaintiff.

106. Because of the identical services and products offered by plaintiff and defendant, the consuming public has been mislead and defrauded as to the source of products and services offered by the plaintiff and defendant.

107. Moreover, defendants purported misrepresented "Settlement Letter" was nothing more than a admission of infringement of the SMART WALKIE TALKIE® federally registered trademark and acknowledgement that the defendants would in fact unlawfully continue to use the mark in commerce without the permission of the plaintiff, thereby knowingly willfully, and intentionally infringing on the plaintiff's intellectual property rights.

## UNLAWFUL INFRINGEMENTS BY ORION, AMAZON, AND

## BEST BUY

### EXHIBIT 6 - AMAZON INFRINGMENTS

108. The preceding paragraphs and Exhibit "F" the fraud complaint,  and

Exhibit #6  are incorporated herein by reference as if fully setforth herein.

109. It is alleged that AMAZON has infringed the said SMART WALKIE

TALKIE trademark by it continued use of the plaintiff's mark as illustrated in

Exhibit 6 attached herein and made a part hereof.

110. Unless AMAZON is  enjoined from it illegal and improper use of the

mark by the court, defendant will continue its campaign of unlawful

infringement  to violate the trademark rights of plaintiff by continuing the use

the mark in commerce without permission and without a valid license causing

further and continuing financial damages to plaintiff.

### EXHIBIT 7 – BEST BUY INC. INFRINGMENT

111. The preceding paragraphs and Exhibit "F" the fraud complaint, are

incorporated herein by reference as if fully setforth herein.

112. It is alleged that BEST BUY has infringed the said SMART WALKIE

TALKIE trademark by it continued use of the plaintiff's mark as illustrated in

Exhibit 7 attached herein and made a part hereof.

113. Unless BEST BUY is  enjoined from it illegal and improper use of the mark by the court, defendant will continue its campaign of unlawful infringement  to violate the trademark rights of plaintiff by continuing the use the mark in commerce without permission and without a valid license causing further and continuing financial damages to plaintiff.

114. As shown in the several pages of ***Exhibit 3, EXHIBIT 4, EXHIBIT 6, AND EXHIBIT 7***, and well exhibited in many other places, <u>especially on the internet</u>, Defendant's and its agents continued unlawful use of Plaintiff's SMART WALKIE TALKIE trademark and technology is made without Plaintiff's permission and are made with constructive and actual notice of Plaintiff's prior use and rights in the said trademarks for telecommunications services and whereas, these unlawful activities have caused confusion and is likely to continue to cause further confusion, or mistake, or to deceive and defraud the public simply because the defendants use the exact same mark "SMART WALKIE TALKIE®" as plaintiff to market its  ONYX SMART WALKIE TALKKIE push to talk device.

115.  Defendant's actions have caused confusion, and are likely to continue to cause confusion, mistake or deception, all to Plaintiff's irreparable injury and Defendant's **unjust enrichment**, and benefit in violation of 15 U.S.C Sections 1114(a)(1) (Section 32 of the Lanham Act)

116.  Plaintiff has no adequate remedy at law and has suffered and will continue to suffer irreparable harm if the unlawful and intentional acts of Defendants are allowed to continue.

## COUNT II:

## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT AND THE TRADEMARK LAW REVISION ACT OF 1988

117.   Plaintiff re-alleges each and every preceding paragraph including Exhibit "F" the Fraud Complaint by reference as if fully setforth herein.

118.  The Defendant's unlawful and unauthorized use of Plaintiff's SMART WIDE WALKIE TALKIE trademark, are made without Plaintiff's permission, and with full knowledge of Plaintiff's prior use and rights in its trademarks, and further unlawfully trades on the goodwill which has been developed in Plaintiff's trademarks and moreover, is a false, fraudulent, and misleading representation of origin which as caused and is likely to continue to cause mistake, or to deceive the public as to the affiliation, connection or association of Defendant with Plaintiff or as to the origin, license, sponsorship or approval of Defendant's services by the Plaintiff.

119. The Defendant's acts as aforesaid constitutes false designation of origin fraud, and a false description or representation tending falsely to describe

and represent the source of Defendant's services which acts were/are intended to mislead the public into believing that Defendant is associated with Plaintiff's SMART WIDE WALKIE TALKIE®, service trademark and/or plaintiff's wireless telecommunications product known as the SMART WALKIE TALKIE, but which in fact, plaintiff has no such association with defendants.

120.  Defendant's willful infringement activity of SMART WALKIE TALKIE is <u>clear</u> and <u>convincing and unless enjoined from the infringing activities, plaintiff will continue to experience substantial economic loss.</u>

121.   The Defendant's aforesaid acts are in violation of 15 U.S.C. 1125(a) (Section 43(a) of the Lanham Act and should be immediately enjoined.

122.  The Defendant's activities are intentional acts and are causing confusion of the public to the detriment of Plaintiff and in plaintiff's business reputation and constitute a ***fraud on the public***.

123.  Plaintiff has no adequate remedy at law and will suffer irreparable harm if the acts of the Defendants are not enjoined or are allowed to continue.

## COUNT III:

124.   Plaintiff re-alleges each and every preceding paragraphs including <u>Exhibit "F" the Fraud Complaint</u> by reference as if fully setforth herein.

## COMMON LAW TRADEMARK INFRINGEMENT

125.  Plaintiff has had continued use in commerce of the SMART WALKIE TALKIE® trademark in the state of Maryland, Texas, California, Washington DC, Louisiana, Minnesota, and other U.S. states, in connection with telecommunications services which establish common law trademark rights of the Plaintiff in the said trademark within the State of Maryland and in every state of the Union, because the plaintiff also uses and controls the internet domain name SMART WALKIE TALKIE®, located on the internet at www.smartwalkietalkie.com, smartwalkietalkie.net which is used to market, and sell plaintiff's telecommunications products and wireless services in the United States and internationally, including without limitation plaintiff products and services relating to telecommunication's services, marked by SMART WALKIE TALKIE technology and trademarks.

126.  By reason of its use, the public and trade have come to identify the SMART WALKIE TALKIE®  federally registered trademark with the services and wireless products of Plaintiff who offers wireless internet and Voice Over Internet Protocol telephone and wireless services similar to defendant's services.

127.  In fact, defendants ORION LABS, INC..., AMAZON, and BEST BUY SMART WALKIE TALKIE  services are identical to the services and products

of the plaintiff to the extent that all of the services offered are logically equivalent in nature and offering.

128.   Defendant's unauthorized use of the "SMART WALKIE TALKIE®" trademark has caused and is likely to continue to cause members of the public to believe that the Defendant's push to talk services are offered by way of a license or other agreement with Plaintiff, which in fact they are not.

## UNFAIR COMPETITION

129.   Additionally, this unauthorized use of the plaintiff's SMART WALKIE TALKIE® trademark without a valid license unlawfully infringes on plaintiff's state and federally protected trademark rights, and further causes public confusion as to the source of products and services, thereby fostering an unfair competition environment.

130.   Defendants further purport to own this mark in its advertising activities which further cause confusion as to the owner of the mark and source of products and services connected with plaintiff's trademarks.

131.   Defendant's continued unlawful use of the "SMART WALKIE TALKIE®" trademark is being made without restriction and without the control which would be present in a trademark license agreement, and thus Plaintiff has no control over the manner and quality with which such trademarks are used by Defendants. These false representations are made knowingly.

## UNJUST ENRICHMENT

132.  Defendant's use of the SMART WALKIE TALKIE® trademarks has caused, and will continue to cause, a likelihood of confusion, mistake or deception, all to the Plaintiff's irreparable injury and Defendant's ***unjust enrichment*** and benefit in violation of Plaintiff's common law and federally protected trademark rights and further constitutes ***fraud on the public*** because the public is mislead into believing that Nextel or ORION LABS, INC... and the other named defendants are the actual owners of this trademark, which in fact they are not.

133.  Plaintiff has no adequate remedy at law and has suffered and will continue to suffer irreparable harm as a result of these fraudulent and flagrant infringements if these unlawful acts of the Defendants are allowed to continue.

## COUNT IV:

## VIOLATION OF THE FEDERAL TRADEMARK DILUTION ACT OF 1995

134.  Plaintiff re-alleges each and every preceding paragraph including Exhibit "F" the Fraud Complaint by reference as if fully setforth herein.

135. Defendants have violated the ***Federal Trademark Dilution Act*** of 1995 which expands the scope of rights granted to the plaintiff to the extent that

plaintiff's mark is a famous and distinctive trademark which qualifies under the Federal Trademark Dilution Act of 1995.

136.  Defendants continued unauthorized, and unlawful use of plaintiff's famous federally registered trademark "SMART WALKIE TALKIE"® has caused dilution of the plaintiff's "distinctive quality" of the mark.

137.  These acts are willfully being done with full knowledge of plaintiff prior rights to use the mark in commerce granted by the U.S. Patent & Trademark Office and defendants are liable for treble damages under the Lanham Act..

## NO NEED TO PROVE LIKELIHOOD OF CONFUSION

138.  Further in regards to this cause of action, there is no need to prove likelihood under the Lanham Act, nor is there any need to show competition between the goods of the plaintiff and the defendant. Therefore, dilution exist because the defendants use the same famous mark as the plaintiff even if the defendants were to claim that the goods and services bears no relation to the goods or services of the plaintiff's famous mark and further because the defendants as shown herein, causes the dilution of the mark, by simply using the said mark in commerce to market its own products and services such as the ONXY SMART WALKIE TALKIE   (located at Orion on the internet) service as used by the defendants in marketing and adverting within the jurisdiction of this Court and United States of America.

139.   In regards to this cause of action, plaintiff asserts that "Blurring", has occurred by which the connection in consumer's minds between the plaintiff's mark (SMART WALKIE TALKIE® and the plaintiff's goods or services is weakened and the defendants are the proximate causes of the blurring complained of herein.

140.  Plaintiff further asserts that "***Tarnishment***" has occurred because defendant's use of the mark is unsavory or unwholesome, or the mark is used in connection with inferior products and services not related to the mark of the SMART WALKIE TALKIE® trademark.

141.   Plaintiff further asserts that Defendants use of the plaintiff's famous mark is willful, intentional, and unjust and thus *treble damages may be applied in addition to actual damages and injunctive relief under law*.

142.   As provided under the Federal Trademark Dilution Act, this court may examine all of the following factors that clearly show that the dilution act has in fact been violated by the Defendants and their agents, namely:

1. The duration and extent of advertising for the mark; (world wide)
2. The geographic area in which the mark has been used;  (world wide)
3. The degree of distinctiveness of the mark (either through the nature of the mark itself, or through acquired distinctiveness);
4. The degree of recognition of the mark;
5. The method by which the product was distributed and marketed (the "channels of trade"); (internet)
6. The use of the mark by third parties; and

7. Whether the mark was federally registered as stated herein above:

143.   It is specifically alleged herein that the defendant willfully sought to "trade on the plaintiff's reputation or to cause dilution of the mark," and plaintiff is further entitled to attorneys fees, monetary damages, and even treble damages, because the defendants willfully continue to trade or use the mark, SMART WALKIE TALKIE®, without a valid license or permission, in commerce and have knowingly and willfully ignored plaintiff's requests to either license or cease and desist from using the mark in commerce.

144.   Plaintiff has no adequate remedy at law and has suffered and will continue to suffer irreparable harm if the acts of the Defendant are allowed to continue.

## COUNT V:

## UNFAIR COMPETITION IN VIOLATION OF LANHAM ACT AND STATE LAW

145.   Plaintiff re-alleges each and every preceding paragraph including Exhibit "F" the Fraud Complaint by reference as if fully setforth herein.

146.   By unlawfully infringing upon the intellectual property rights of the plaintiff, the Defendants have engaged in ***unfair competition*** prohibited by law because the unlicensed or unauthorized acts complained of herein are comprised of torts that have caused and is continuing to cause economic

<u>injury to plaintiff's business</u>, through a fraudulent, deceptive and/or wrongful business practices, and because these torts are meant to confuse consumers as to the source of the products or services.

147.  Plaintiff further alleges that the ***unfair competition*** is in fact trademark infringement,  as complained of below, misappropriation, fraud, false marking, trademark dilution, false advertising, deceptive selling tactics which confuse the public, unauthorized use of plaintiff's intangible assets, unauthorized substitution of plaintiff's goods and services for another, and false representation of products or services by the defendants.

148.  These acts constitute unfair competition, in violation of Section 1125 of the federal Lanham Act, The Maryland Trademark Law, and the Deceptive Trade Practices Act of this State.

## COUNT VI:

## <u>VIOLATION OF MARYLAND BUSINESS COMMERCE CODE</u>

## ("Trademarks")

149.  Plaintiff re-alleges each and every preceding paragraphs including <u>Exhibit "F" the Fraud Complaint</u> by reference as if fully setforth herein.

150.  Defendants use of the plaintiff's 'SMART WALKIE TALKIE®" trademark cause likelihood of confusion or of misunderstanding as to the licensing, approval or certification of the services of the Defendant.

151  Defendants adoption and use of the plaintiff's "SMART WALKIE TALKIE®" trademark is/was being done with actual knowledge of Plaintiff's prior rights in said trademarks and *with the willful intent of capitalizing on the good will and mark recognition held by Plaintiff*, and with the willful intent of harming Plaintiff's business in the State of Maryland and all other states in the United States.

152.  Plaintiff asserts that the aforesaid acts are in violation of the Maryland Trademark Act which also offer protection against ***Fraudulent Use or Imitation of Trade names*** under section 1-415 Maryland Trademark Act.

153.  Plaintiff has no adequate remedy at law and is presently suffering, and will continue to suffer irreparable harm if such actions are allowed to continue.

154.  The hardship upon Plaintiff which will ensue from not enjoining further infringement of the Patent (or trademark) is that the defendant will negligently continue to unlawfully infringe the claims of the issued patent, (and federally registered trademark) **unjustly enriching** themselves, without paying licensing fees, and/or royalties to the plaintiff, <u>resulting in great financial loss to the plaintiff</u>.

155.  The unlicensed use of the federally protected trademark "SMART WALKIE TALKIE® in commerce and used by the defendants is an infringing activity which will continue by the defendants unless enjoined by this court.

156.  The issuance of the injunction will not disserve the public interest. To the contrary, granting the injunctive relief sought will serve the express national policy of protecting federally created patent and trademark rights.

157.  For these reasons, Plaintiff seeks a temporary restraining order, a preliminary injunction, and a permanent injunction against defendant ORION LABS, INC..., AMAZON, and BEST BUY and each and every defendant, using the mark in commerce including the unknown defendants respectively referred to herein as the DOE's 1 though 1,000 permanently <u>restraining them from continuing to use the trademark "SMART WALKIE TALKIE® in commerce and in its advertising and marketing efforts</u>  or on its internet website.

158.   Infringement of the federally protected trademark results in irreparable injury to the Plaintiff for which there is no adequate remedy at law.

159.   Congress, in recognition of this fact, has enacted 11 U.S.C. §1116, expressly authorizing injunctive relief against trademark infringement in order to preserve the federally mandated monopoly created by federal law for the benefit of the trademark holder.

160.  Plaintiff requests all of the following in the temporary restraining order, preliminary injunction and permanent injunction:

   (a) That an order be issued from this court enjoining the trademark infringement activities complained of herein, namely, that defendants be immediately enjoined from using the federally protected and common law trademark "SMART WALKIE TALKIE®"  over its website and marketing and advertising activities, ADVERTISING MAGTERIALS, and,

   (b) an order issued from this court ordering an accounting of defendants profits for the years 2017,2018, 2019, and 2020.

   (c) An order issued by this court ordering the defendants, attorneys, and all those in active concert to permanently cease and desist use of the federally protected trademark "SMART WALKIE TALKIE®" and,

(d)  An order issued by this court ordering the defendants, attorneys, and all those in active concert to permanently cease and desist use and sale of the so called *Onyx "SMART WALKIE TALKIE"* product line which unlawfully infringes the plaintiff issued patent.

### Count  VII: Unfair Competition (Marilyn  Law)
### Section 13-301 - Unfair or deceptive trade practices

161. The Previous paragraph and Exhibit "F" is incorporated herein by reference as if fully setforth herein.

162. It is alleged herein that the said unlawful infringing acts  constitute Unfair and  Deceptive  Trade Practices  which violate Section 13-301 of the Maryland Business and Commerce Code because:.

(1) Defendants have False product marking with the trademark of another, falsely disparaging, or misleading oral or written statement, visual description, or other representations which has the capacity, tendency, or effect of deceiving or misleading consumers with the use of plaintiff's SMART WALKIE TRADEMARK ®.

(2) Representation that  Consumer goods, consumer realty, or consumer services have a sponsorship, approval, accessory, characteristic, ingredient,

use, benefit of SMART WALKIE TALKIE® services but  which in fact they do not have.

## Count  XIII: - Negligent Misrepresentation

## DECEIT AND MISREPRESENTATION

163.  The Previous paragraph and Exhibit "F" is incorporated herein by reference as if fully setforth herein.

164. It is alleged herein that the said unlawful infringing acts constitute deceit and Negligent Misrepresentation in that:

(1) Defendants have  made intentional false representations that it has a license to use the trademark Smart Walkie Talkie ®, and

(2) Defendants have made intentional false representations that despite governing federal trademark law, it has the exclusive right to use plaintiff's Smart Walkie Talkie® trademark freely without a license, and,

(3) Defendants have made intentional false representations that despite governing federal trademark law it has the right to employ the "Fair Use" practices act in order to avoid licensing the trademark and/or avoid compliance with the federal Lanham Act.

(4) Defendants have made intentional false representations that despite governing federal trademark law it has the right to exclusively use the trademark in commerce throughout the United States.

### Count IX - FRAUD: EXBHIT "F" COMPLAINT FOR FRAUD

165.  The Previous paragraph and Exhibit "F" is incorporated herein by reference as if fully setforth herein in accordance with Rule 9(b) for the Federal Rules of Civil Procedure.

166.  It is alleged herein that the said unlawful infringing acts constitute actionable FRAUD because:

    (i)    Defendants have made  false representations to the public and to plaintiff regarding its use of the Smart Walkie Talkie ® Trademark, and

    (ii)    the representation's falsity was either known to the party making the representation or that the representation was made with reckless indifference as to its truth, and

    (iii)    the misrepresentation was made for the purpose of defrauding the plaintiff, and

    (iv)    the plaintiff relied on the misrepresentations and had the right to rely on it, and

**(v)**   the Plaintiff has suffered compensable injury resulting from the misrepresentations.

Further Exhibit "F" The fraud complaint more specifically demonstrates the fraud committed by defendants.

## COUNT X:

## CONVERSION

167.   Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint and incorporates them herein by this reference.

168. **ORION LABS, INC..,** has unlawfully asserted dominion and control over plaintiff's assets and intellectual property exclusively and indisputably owned by plaintiff by taking or converting the plaintiff's property to themselves, unjustly enriching themselves, without legal authority and converting it for its own self serving use.  As a direct and proximate result of defendants ORION LABS, INC..'s wrongful acts complained of herein, plaintiff has been injured in an amount to be determined at trial in excess of $100 Million (U.S. Dollars)

(93)

## COUNT XI:

## GROSS NEGLIGENCE

169.   Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint and incorporates them herein by this reference.

170.  It is alleged that defendants are grossly negligent as it relates to the improper and unlawful use of plaintiff's trademark SMART WALKIE TALKIE ® trademark in commerce.

171.  Defendant, **ORION LABS, INC.,** knowingly and willfully misrepresented to the public, including its investors, dealers, agents, distributors, the U.S press, the internet press, and the International press that it was and is the exclusive owner of the SMART WALKIE TALKIE® patented technology, and trademark in Texas and the United States in general. However, as setforth herein this representation is false and misleading to the public as the defendants are not the lawful owners of the mark or the SMART WALKIE TALKIE technology.

172.  Defendant, **ORION LABS, INC..** knowingly and willfully misrepresented to the public, including its investors, dealers and agents, distributors, the U.S. press, the internet press, and the International press that it was and is authorized to offer for sale and sell the famous trade name **SMART WALKIE TALKIE**® federally registered trade name.

173.  However, Plaintiff has never authorized the use of the trade name to the defendants.

174.   The defendants are presently, and knowing, and intentionally using this mark without a license, and with full intent to deprive plaintiff of his federally protected trademark in both the SMART WALKIE TALKIE® trademark.

175.   ORION LABS, INC.. has engaged in unlawful, fraudulent, misleading conduct which creates a likelihood of confusion or misunderstanding regarding the goods and services supplied by plaintiff and defendant ORION LABS, INC...

176.   At present, the consuming public on a national and/or international scale are lead to believe that defendants are the owners of the SMART WALKIE TALKIE ® trademark, but in fact they are not.

## COUNT XII:

### *CONSPIRACTY TO VIOLATE 18 USC §1962(c)*

### *RACKEETEER INFLUENCE CORRUPT ORGANIZATION*

## SUBSTANTIVE ALLEGATIONS CONCERNING VIOLATIONS OF THE RACKETTER INFLUENCED CORRUPT ORGANIZATION ACT

177.   Plaintiff re-allege, as if fully set forth herein, each allegation set forth herein above.

178.   The defendants along with their employees, and agents, herein conspired among themselves to violate 18 U.S.C. §1962(c), by agreeing to conduct or participate in the affairs of the enterprises referred to in this complaint through a pattern of unlawful racketeering activity and committed more than two acts of racketeering activity, including but not limited to accounting fraud, **fraud**, **theft,** and **conversion**, one of which occurred after the effective date of this racketeering chapter and the last of which occurred after the effective date of racketeering chapter and the last of which occurred within ten years after the commission of a prior act of racketeering activity and the racketeering activity is ongoing by the defendants.

179. The racketeering complained of includes but is not limited to, intellectual property theft, conversions, accounting fraud which wrongly accounts for illegal use of licensing, U.S patents and trademarks, frauds and swindles, fraud, theft of patented technology protected under U.S. law, and of moneys illegally gained from the unauthorized use, sale, or licensing of plaintiff's intellectual property described herein, and related to the SMART WALKIE TALKIE/WORLD WIDE WALKIE TALKIE, and **fraudulent claims** made to the public by the defendants, regarding the status of defendants use of intellectual property owned by the plaintiff, and  several unlawful  attempts to otherwise gain unlawful monies generated from the unlawful use of plaintiff's famous  federally  registered  trademark  SMART  WALKIE  TALKIE®  and patented technology as setout herein above.

 180.  At all times relevant herein, it is alleged that the defendants, their employees, agents, attorneys, and all other persons acting in concert or purporting to act as representatives for the defendants, had devised a scheme, such as the letter dated March 7, 2006, or artifice to defraud, or to obtain money or property from the illegal use and sale of plaintiff's intellectual property by means of false, or fraudulent pretenses, or to procure for unlawful use counterfeit devices, (SMART WALKIE TALKIE) or spurious coin, and other devices used to defraud for the sole purpose of defrauding plaintiff and

the public of monies which were/are unlawfully gain and conversion of intellectual property rightfully and justly belonging to plaintiff's personal and business estate in violation of 18 U.S.C. **§**1341.

181.  At all times pertinent herein the defendants **knowingly** delivered or caused to be delivered fraudulent matter via electronic wire, or email, to aid them in the commission of the acts complained of herein and did many times as complained of herein, advertise fraudulent documents, and devices and the said fraudulent documents was addressed to the public and plaintiff in further violation of 18 U.S.C. Section 1341.

182.  It is further alleged that the acts committed by the defendants were unlawful in every respect because the defendants, attorneys, employees, or associates with the defendants conducted, lead, managed or directed the affairs of the enterprise by using fraud, conversion, conspiracy, and other unlawful means to run the ORION LABS, INC.. enterprise. ORION LABS, INC.. was the enterprise conducted.

183.  The pattern of racketeering included criminal conduct that is related to theft of intellectual property, conversion, and "hijacking" of plaintiff's intellectual property and was continuous up until the filing of this lawsuit. The predicate acts extended from early 2017 and continues throughout the

January 2021 is comprised of long term criminal conduct by the defendants.

184. For example, the defendants committed several acts of long term money laundering as setout herein by conducting or attempting to conduct financial transactions as set out above, and which the defendants knew involved the proceeds from unlawful infringing activity, conversions, theft, and with the intent either to promote or further the unlawful activity.

185.  With the deployment of deceptive practices the defendants were able to obtain millions of dollars in sales & credit transactions for themselves, whereas, the individual defendants named herein were employees of or associated with the enterprise.

186.   The enterprise comprised attorneys, investors, employees, agents, dealers, and others to accomplish the said unlawful acts.  On information and belief, the department of Homeland Security, department of Intellectual property, the Federal Bureau of Investigation (FBI) and/or other federal and state agencies are presently investigating the infringement activities and theft of the intellectual property complained of herein.

## **Section 1961 RICO Violations**

187.  Plaintiff's re-allege, as if fully set forth herein, each allegation above. Prior too and while in the course of contacting ORION LABS, INC.., the defendants committed the following non-exclusive acts of Racketeering all in violation of Section 1961.  The following non-exclusives acts includes but is not limited to all of the following:

> (a) Sections 891-894 violations relating to extortionate credit transactions; and,

> (b) Section 1028 violations relating to fraud and related activity in connection with identification documents, including but not limited to intellectual property claims, and,

> (c) Section 1029 violations relating to fraud and related activity in connection with access devices, including but not limited to computing access devices, the intellectual property account number of plaintiff patents and trademarks, computing networks, and private and public data networks, and,

> (d) Section 1341 violations relating to mail fraud; and,

> (e) Section 1343 violations relating to wire fraud, and,

> (f) Section 1344 relating to financial institution fraud, and,

> (g) Section 1956 violations relating to the laundering of monetary instruments, including but not limited to unlawfully licensing contracts between the defendants and other companies, and,

> (h) Section 1957 violation relating to engaging in monetary transactions in property derived from specified unlawful activity), namely intellectual property theft, and conversions.

## Section 1962 RICO Violations

188. The preceding paragraph of this complaint are incorporated herein by reference.

189.  It is specifically alleged that the defendants committed many unlawful acts regarding racketeering activity, and has <u>received unjust income</u> derived, directly or indirectly, from a pattern of racketeering activity, or through the unlawful use, sale, and licensing intellectual property belonging to the plaintiff, including but not limited to SMART WALKIE TALKIE® ,World Wide Walkie Talkie®  and which the defendants has participated as a principal within the meaning of section 2, title 18, United States Code, and the said acts are indictable under the Currency and Foreign Transactions Reporting Act.

190.  It is specifically alleged that the defendants named herein caused to use proceeds, or invest, directly or indirectly any part of such income converted or unlawfully channeled from the plaintiff, or the proceeds of such income, in acquisition of intellectual property real estate interest in, or the establishment or operation of, any enterprise which has engaged in, or the activities of which affect, interstate or foreign commerce.

191.  Plaintiff has no adequate remedy at law and is presently suffering, and will continue to suffer irreparable harm if such actions are allowed to continue.

## CONTINUING AND ONGOING INFRINGEMENT

## INTERNET WEB PAGE INFRINGEMENT

192.   ORION LABS, INC..'s infringing actions have the tendency or capacity to mislead the public about the true source of the services and technology covered by the plaintiff's Trademark respectively with the use of the tradename "SMART WALKIE TALKIE®  to market its push to talk.

193. For example, Defendant uses the term "SMART WALKIE TALKIE" throughout the internet space and internet search engines to drive traffic to their own website or business.

194. Computer HTML software codes are wrongfully inserted into webpages bearing the plaintiff's registered trademark "SMART WALKIE TALKIE" in an effort to fool the public and lead consumers to their own website.

## COUNT XIII:

## **DECLARATORY JUDGMENT**

195.    Plaintiff is entitled to a declaratory judgment against defendants pursuant to the Declaratory Judgment act 28 U.S.C. §§2201-02.

196.  Specifically, plaintiff is entitled to a declaratory judgment as follows:

A declaratory judgment declaring that defendants have infringed the plaintiff's Trademark SMART WALKIE TALKIE ®

A declaratory judgment that defendants committed fraud as setforth herein, and in Exhibit F – The fraud complaint.

A declaratory judgment that defendants have engaged in deceptive trade practices and deceit.

A declaratory judgment that defendants have absolutely no right to use the trademark in commerce.

A declaratory judgment that plaintiff is the sole owner which has exclusively right to use the federal trademark Smart Walkie Talkie®.

A declaratory judgment  that defendants violated Maryland's Deceptive Trade practices by its unlawful use of Plaintiff's Trademark.

 A declaratory judgment that defendants acts are extreme and outrageous.

## EXTREME AND OUTRAGEOUS CONDUCT

197.   Plaintiff further contends that defendant's willful disregard for plaintiff intellectual property rights, the knowingly and intentional treatment in defrauding, the unlawful use of intellectual property complained of herein, including but not limited to, unlicensed use of the intellectual property, unlicensed and fraudulent use of the "SMART WALKIE TALKIE®" trademark, theft, conversions, fraud, negligent misrepresentation, negligence, inter alia, and outright stripping him of patent and trademark rights guaranteed under federal and state law, including the right to collect royalties from the use of plaintiff's intellectual property exceeds all bounds usually tolerated by a decent society, and moreover was **done with malice**, and with intent to cause knowledge that it would cause and in fact has caused severe mental and physical distress and economic loss to the plaintiff.

198.   That, in the alternative and in the event that this court finds that there was no conspiracy between the defendants named herein to harass the plaintiff, plaintiff alleges that one or more or all of the defendants named herein independently committed the unlawful acts described herein, which acts resulted in the deprivation and violation of

plaintiff's rights, privileges, and immunities guaranteed by under federal and state law and common law of the State of Maryland.

199.  ORION LABS, INC..'s general course of conduct has an impact on the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

200.  Plaintiff is therefore entitled to damages in an amount to determined at trial and to be trebled; an order enjoining the infringing conduct complained of herein, a declaration that defendants actions constitute trademark infringement, patent infringement, an order of replevin ordering the U.S. Marshals to seize certain assets of the defendants during the pendency of trial and in such further relief as the Court may deem proper.

## PUNITIVE DAMAGES

201.   Plaintiff alleges that because of the willful, knowingly, unlawful and unconscious able infringing acts, and the other unlawful acts complained of herein, including the conspiracies contemplated between the defendants, the willful unlicensed use of plaintiff's federally registered trademark, and patent, intentional willful infringement, fraud, continuously using the property even after advising the defendants of prior use, the reckless disregard for law, inter alia, and for other unlawful offenses committed against him including the oppression, the deliberate infliction of mental and emotional distress, physical and mental pain upon him, the wrongful and unjust hijacking of the trademark and patent complained of herein, the wanton, careless and deliberate disregard for his civil rights, and for other reason at law, Plaintiff is entitled to recover punitive damages, in addition to actual damages.

202.   That if it is found that one or more or all of the defendants did not actively participate in the said illegal acts and conspiracy, it is alleged that said defendants had knowledge of the conspiracy, the power to prevent or aid in the prevention of the conspiracy, and other unlawful acts complained of herein and refused to do so.

# **PRAYER FOR RELIEF**

203.  WHEREFORE, Plaintiff requests of this Court the following relief:

1.  Issuance of an immediate Temporary Restraining Order, preliminary and permanent injunctions prohibiting defendants ORION LABS, INC..., its agents, dealers, and distributors from operating, assigning, alienating or using the federally registered trademark SMART WALKIE TALKIE®, and/or selling the Infringing mark and prohibiting all future infringement of the Trademark and Patent by ORION LABS, INC..., Inc. and/or its agents, dealers, and distributors, and,

2.  A judgment that the use of plaintiff's intellectual property was willful and unlawful, and,

3.  A judgment against ORION LABS, INC..., and other defendants for trademark infringement, 15 USC §1114 and §11125 and,

4.  Enhanced Damages and Attorney Fees, and,

5.  Injunction against continued trademark infringement and unfair competition, 15 USC §1116 and,

6.  Imposition of a constructive trust on all proceeds earned from the trademark infringement and patent infringement, and,

7.  A Declaratory Judgment declaring that the defendants violated the federal Trademark Dilution Act USC 1023(c) Section 43(c) of the Lanham Act, and,

8.  A judgment ordering defendants to do a complete accounting of all profits earned and to turn over those profits, trebled to the plaintiff, and,

9.      Increase and trebled damages for willful trademark infringement under the Lanham Act, and,

10.     Judgment and damages for conversions, fraud, and racketeering,

11.     Injunction requiring defendants to return all intellectual property of plaintiff in its possession to the plaintiff, and,

12.     Injunction prohibiting defendants and its agents from further using the said intellectual properties without a license, and,

13.     Judgment and damages for ORION LABS, INC..'s violations of federal and state unfair competition law, and an injunction against continued trademark law violations, and,

14.     Cost pursuant to Federal Rules of Civil Procedure 54(d), and,

15.     An order that the defendants be permanently enjoined from its improper infringing activities and practices described herein, and,

16.     An order awarding restitution and/or disgorgement of profits earned by fraud, misrepresentation, or other unlawful activities, complained of herein, and,

17.     An award of compensatory damages, treble damages and any additional consequential and incidental damages and cost suffered, and,

18.     A judgment declaring that the acts complained violate and interfere with Plaintiff's civil rights protected under law, and,

19.     An order allowing the substitution of counsel as may be appropriate and requested by the plaintiff during the pendency of this case, and,

20.     An order directing the U.S. Marshal or other appropriate officer of the State of  Maryland to seize the bank account

funds and deliver to the trustee of this court pending a final hearing in this matter, and,

21.     An order setting this matter for an expedited hearing, and,

22.     Any and all such other relief this Court deems proper of whatever nature as may be just and equitable and/or required or permitted by law.

204.  Plaintiff further pray that this Honorable Court after due proceeding and all legal delays do enter judgment against the defendants jointly, severely, and in solido, condemning them all, for the said unlawful acts in the full amount of  $100,000,000. (One Hundred Million), the fair market value considering defendants the millions of dollars in profits made from the unlawful use of plaintiff's trademarks including court cost, attorney fees, interest from the date of judicial demand and for all general and equitable relief afforded under law.

                    **JURY TRIAL**: Plaintiff demands a trial by Jury.
Respectfully Submitted

*Alfred McZeal, Jr*                    DATED: FEBRUARY 14, 2021
ALFRED MCZEAL, JR.
WORLD WIDE WALKIE TALKIE
14605 Elm St. Suite 298
Upper Marlboro MD 20773
Phone: 832-623-4418